Argued October 7, decided October 21, rehearing denied December 16, 1913.

## BLAKE–McFALL CO. *v.* PORTLAND.*

(135 Pac. 873.)

**Municipal Corporations—Torts—Liability.**

1. The City of Portland, constructing and maintaining, as authorized by its charter, a waterworks system to supply for pay water to its inhabitants and for fire protection, acts for its own advantage, and not as a mere governmental agency, and is liable, under Section 358, L. O. L., for damages caused by the bursting of a water-main caused by the negligence of the city, though the main was used for fire protection; the fire department of the city having no control over the water system.

[As to liability of municipal corporation for negligence in constructing or operating waterworks, see note in Ann. Cas. 1912A, 220.]

**Municipal Corporations—Torts—Liability.**

2. Where a municipality maintains a waterworks system for its own advantage, and not as a governmental agency, it is liable as an individual or private corporation, and the mere fact that the waterworks are used in part for public purposes does not relieve it from liability for an injury caused by the negligence of its servants in repairing or neglecting to repair a main; the income from the waterworks forming a considerable part of its revenues.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

En Banc.    Statement by MR. JUSTICE BEAN.

This is an action by the Blake-McFall Company, a corporation, against the City of Portland, a municipal corporation, to recover damages for injury to plaintiff's goods by reason of the negligence of defendant in the construction and maintenance of a water-main, which burst at the intersection of Fourth and Ankeny Streets, adjacent to the premises occupied by the plaintiff, whereby water escaped in such volumes that the sewers were not sufficient to carry off the water, and

---

*The question of municipal liability for tort in connection with waterworks system is treated in notes in 61 L. R. A. 58 and 25 L. R. A. (N. S.) 239. And for the liability of a municipality operating a waterworks system, for breach of duty to consumer, see note in 42 L. R. A. (N. S.) 286.        REPORTER.

the same gained access to the basement where the plaintiff's goods were stored. It is alleged that this caused damage to the extent of $672.13. The cause was tried before a jury, and a verdict rendered in favor of defendant. From a judgment entered accordingly, the plaintiff appeals.

As to the issues and the law, this case is similar to that of the *Pacific Paper Co.* v. *City of Portland, ante,* p. 120 (135 Pac. 871), in which an opinion has this day been rendered by this court. The jury, however, in determining the facts reached a different conclusion. What we said in that opinion need not be repeated here.

It is averred in the complaint and defendant admits in its answer that, pursuant to the authority granted by the legislature of this state, the city constructed and maintained a system of waterworks, and sold water to its inhabitants for the benefit of the public in the protection against fire, the sprinkling of streets, the irrigation of lawns in public parks, and for public drinking purposes; that the water-main in question burst at the time and place specified.

Defendant denied any negligence on its part, and, among other defenses, pleaded that the water-main was laid, maintained and used exclusively for governmental purposes, namely, supplying water for the extinguishment of fire. Evidence was introduced on the part of plaintiff tending to show, in addition to the facts admitted by the pleadings, that at the time of the injury of which complaint is made, on January 11, 1911, the defendant had constructed and was maintaining and operating a large water-pipe in Fourth Street, of which it was the owner, leading from the reservoir in City Park across Ankeny Street, from which the water was distributed to its consumers for a compensation; that the reservoir was more than 200 feet above a point where the pipe burst, and that the water let

into the main caused a very high pressure, which was increased at that point by a curve in Fourth Street; that the pipe was weak at that point, which was known to the defendant, its officers, agents and employees; that, notwithstanding the high pressure and the curve in the main at Fourth and Ankeny Streets, the defendant, its servants, and employees carelessly and negligently constructed and placed the main at Fourth and Ankeny Streets, and used such poor and improper material that the same was too weak to sustain the pressure and the jarring caused by trains running on the street; that they carelessly and negligently used such main for said purpose with full knowledge of its weakness; that the same had burst at or near this point at a previous time; that on January 11, 1911, by reason of the conditions, the main burst, and the water escaped, causing injury to plaintiff's property without its fault—and tending to prove the allegations of its complaint. Thereupon defendant introduced evidence tending to show that the water-main in Fourth Street at the time referred to in the complaint was laid and maintained as a part of the city water system, but used exclusively for supplying water for fire protection, and not for the purpose of furnishing water to private consumers, nor to enable the defendant to sell water. Plaintiff introduced evidence tending to rebut such showing.                                    REVERSED AND REMANDED.

For appellant there was a brief, with oral arguments by *Mr. John Van Zante* and *Mr. Albert H. Tanner.*

For respondent there was a brief over the names of *Mr. Lyman E. Latourette* and *Mr. Frank S. Grant,* City Attorney, with an oral argument by *Mr. Latourette.*

MR. JUSTICE BEAN delivered the opinion of the court.

The errors assigned relate to an instruction given by the court, and a refusal to give an instruction requested by the plaintiff. Upon the question of the use of the main, the court, over the objections of plaintiff's counsel, instructed the jury that: "If you find that the water-main in question was, at the time of the accident, on January 11, 1911, maintained and operated exclusively for fire protection, it will be your duty to bring in a verdict for defendant, because the maintenance of a water-main for fire protection is a public purpose, and the defendant is not liable for the bursting of such main." To this instruction, counsel for plaintiff duly saved an exception. The court also instructed the jury as follows: "It is admitted in this case that the defendant, the City of Portland, is the owner of the waterworks in said city, of which the water-mains in Fourth Street and at Fourth and Ankeny Streets are a part, and that it was such owner thereof on the 11th day of January, 1911, and maintaining and operating the same for the purpose of supplying the said city and the inhabitants thereof with water"; and, further, that it was the duty of the city to use ordinary care and diligence in the construction, maintenance and operation of its waterworks, and to procure pipe of material, construction and dimensions, sufficient to retain the water.and withstand the pressure of the same, and that, if they found that the city failed to use such care in the construction of the main in Fourth Street, or in the selection of the pipe, or in inspecting the same, and used a pipe which was too weak to withstand the pressure at said point, or defective, or improperly constructed, and by reason thereof injury was caused to plaintiff's property, they should find a verdict for the plaintiff. The evidence is not all contained in the record.

1. No new question is presented in this case. It is governed by the law as enunciated in the cases of *Esberg Cigar Co.* v. *Portland,* 34 Or. 282, 290 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435), [in which the construction of the same pipe was involved], and *Wagner* v. *Portland,* 40 Or. 389, 397 (60 Pac. 985, 67 Pac. 300); it being necessary only to apply the law as there laid down. The injury complained of does not appear to have been caused by the use of the water-pipe in the extinguishment of fire, but by the omission of the servants and officers of the city to use proper care in the construction and repairing of the water-main. Under the doctrine affirmed in the cases referred to, the city, in the construction and repairing of the water-main, was acting in its corporate capacity as contradistinguished from its governmental capacity, that is, in its private or proprietary function, and not exclusively for the benefit of the public. In the construction and repairing of a water-pipe, the servants and employees of the city perform a ministerial duty. The supply of water to the inhabitants of a city is not a duty of sovereignty. It may be supplied by individuals or by private corporations. The use of the main at the particular time of the injury would not govern the matter of liability entirely.

Section 226 of the charter of the City of Portland authorizes the city to construct and maintain waterworks and all necessary facilities sufficient to furnish the city and inhabitants thereof with water for all necessary purposes. By Section 234 the city water board has authority to employ agents and workmen in the operation and management of the waterworks, to make rules regulating the conduct and management of the same, and to establish rates for a consumption of the water by the city and inhabitants thereof. Section 168 provides for the conduct of the fire department, and in Section 169 it is provided that the executive board shall

have the custody and management of all public property, including the fire-alarm telegraph, pertaining to the fire department, and is authorized to purchase necessary apparatus, including fire-boats, engines, hose, hose carriages, horses, and all other personal property which the exigencies of an efficient fire department may require. We are not called upon to decide whether the city would be chargeable with negligence in the construction of a separate water system to be used exclusively for fire protection. The provisions of the city charter indicate that the waterworks were acquired and owned by the city in its corporate or proprietary capacity for the purpose of profit, and that the fire department has no control over the water system.

2. When a special power or privilege is conferred upon or granted to a municipality, to be exercised for its own advantage or emolument, and not as a mere governmental agency, it is liable to the same extent as an individual or private corporation in the management or dealing with the property held by it under such grant: *Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435). If property belonging to the city is used in part for municipal or public purposes, and in a considerable part also as a source of revenue, the city will be liable for an injury caused by the negligence of its servants and agents in the repairing or neglecting to repair such property: *Oliver* v. *City of Worcester,* 102 Mass. 489 (3 Am. Rep. 485); *Wagner* v. *Portland,* 40 Or. 389 (60 Pac. 985, 67 Pac. 300). As we understand the record, it is not claimed in the case under consideration that it was the duty of the fire department to construct or repair the main in question. Neither does it appear that the main was constructed in any manner different from the general water system of which it was a part.

It was admitted in the pleadings, and stated by the trial court in its instructions to the jury, that the city was the owner of the waterworks of which the water-mains in Fourth Street are a part, and maintaining and operating the same for the purpose of supplying the inhabitants of the city with water for pay, therefore we see nothing to take the case involving the question of the construction and repairing of the main out of the general rule relating to a city water system. Under this state of the record, the defendant was not entitled to the instruction given to which plaintiff excepted. The fact that at that particular time the main might have been used exclusively for fire protection would not change the general purpose for which the privilege was granted to the city by the charter. It was a special privilege made for the private emolument and advantage of the city as well as for the public good. Regard must be had to the object of the legislature in conferring such power. If the grant is made for public purposes exclusively, it belongs to the city in its public or political character; but if the grant is for purposes of profit, advantage and emolument, though the public may derive some common benefit therefrom, such as the use of the water for fire protection, the corporation stands upon the same footing as would any individual or private corporation upon whom a like franchise had been conferred: *Western Savings Fund Soc.* v. *City of Philadelphia,* 31 Pa. 175 (72 Am. Dec. 730) ; *Brown* v. *Salt Lake City,* 33 Utah, 222 (93 Pac. 570, 126 Am. St. Rep. 828, 14 Ann. Cas. 100, 14 L. R. A. (N. S.) 619) ; *Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435) ; *Wagner* v. *Portland,* 40 Or. 389 (60 Pac. 985, 67 Pac. 300) ; *Giaconi* v. *Astoria,* 60 Or. 12 (113 Pac. 855, 118 Pac. 180) ; 3 Dillon (5 ed.), 1303; Shear. & Red., § 281 et seq.

The case of *Dunstan* v. *City of New York,* 91 App.
Div. 355, 359 (86 N. Y. Supp. 562, 566), is a case ex-
actly in point.    In that case a lateral pipe leading from
the main in the street to a fire hydrant burst, and the
water escaping therefrom flooded the plaintiff's base-
ment, destroying certain merchandise stored therein.
It was contended by the city, among other things, that,
as the lateral and hydrant were used exclusively for
fire protection, the city was not liable; but, in affirming
a judgment for the plaintiff, the court said: "If the
city maintained a separate water system for the fire
department, and the break occurred in such a pipe, it
may be that it could not be chargeable with negligence
concerning the construction or maintenance of the
same; but that is not this case, and need not be de-
cided.    Here the fire hydrants are connected by lateral
pipes with the mains which are used for supplying
the city and its inhabitants with water, and from which
the city receives a revenue.    It is clear, I think, that
for negligence in not repairing a water-main proper,
or a service pipe which is used for other than fire pur-
poses, the city would be liable for any damages directly
and approximately attributable to such negligence."

Section 358 of our statute provides that a municipal-
ity of this state is liable in its corporate character, and
within the scope of its authority, for an injury to the
rights of plaintiff arising from some act or omission
of such corporation.    In the case at bar the negligence
in the construction of the pipe, and the careless omis-
sion or failure of the defendant to keep the same in
repair, are complained of.    From the record we think
the case comes within the purview of the statute; that
the question of negligence should have been submitted
to the jury; that the giving of the instruction excepted
to which eliminated the question of negligence was
error; and that the instruction complained of so modi-
fied the second instruction, to which reference has been

made, as to be prejudicial to the plaintiff. We think the instruction requested and refused was given in substance in the instruction referred to above.

The judgment of the lower court will therefore be reversed, and the cause remanded for such proceedings as may be proper, not inconsistent herewith.

REVERSED AND REMANDED: REHEARING DENIED.

MR. JUSTICE MOORE dissents.