Argued October 27, affirmed December 23, 1970, petition for
rehearing denied January 26, petition for review
denied June 23, 1971

McDAID, *Appellant, v.* CITY OF PENDLETON,
*Respondent.*

478 P2d 642

*Robert D. Dayton*, John Day, argued the cause and filed the briefs for appellant.

*George H. Corey*, Pendleton, argued the cause for

respondent. On the brief were Corey, Byler & Rew, Pendleton.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FOLEY, J.

This is an appeal from a judgment entered following an order sustaining a demurrer to plaintiff's complaint after plaintiff's refusal to amend his complaint.

Plaintiff's complaint alleged that his real property in the City of Pendleton was damaged by the intrusion thereon of water, debris and broken pipe from the explosion of a pressurized water main under the city street adjacent to plaintiff's property. Damages were claimed for a broken retaining wall and fence, and dirt and lawn washed away to the extent of some $2,700. Defendant demurred to plaintiff's complaint on the ground that it did not state a cause of action. The plaintiff contended that his complaint stated a cause of action upon a theory of strict liability for the maintenance of an ultrahazardous or abnormally dangerous activity by the defendant. The Umatilla County Circuit Court sustained the demurrer and thereafter entered the judgment which is the subject of this appeal.

The sole question, then, before this court is whether plaintiff's complaint states a cause of action based upon strict liability.

Bursting water main cases have previously come before the Supreme Court of Oregon, but in each case the liability issue was determined on the basis of negligence. *Blake-McFall Co. v. Portland,* 68 Or 126,

135 P 873 (1913); *Pacific Paper Co. v. Portland*, 68 Or 120, 135 P 871 (1913); *Esberg Cigar Co. v. Portland*, 34 Or 282, 55 P 961, 75 Am St R 651, 43 LRA 435 (1899). At oral argument plaintiff's counsel reaffirmed that plaintiff bases his right to recover on a strict liability theory rather than on any basis of negligence.

Plaintiff's contention is that the construction and maintenance of a pressurized water main by the defendant is an abnormally dangerous or ultrahazardous activity for which the defendant should be strictly liable. He admits that the majority view in the United States is that negligence is the recognized basis for recovery of damages arising from ruptured water pipes and mains but urges that the minority view favoring strict liability is more logical and just. In support of his contention plaintiff submits the rationale of the Iowa Supreme Court in *Lubin v. City of Iowa City*, 257 Iowa 383, 131 NW2d 765 (1964). That case, though factually inapposite, commented that while lower maintenance costs resulted from the practice of not inspecting, the risks from such a method of operation should be borne by the water supplier who is in a position to spread the cost thereof among the consumers who are in fact the true beneficiaries of the practice and of the resulting savings in inspection and maintenance costs. Plaintiff points out that he had no connection with the water main other than being the owner of property damaged by the explosion of the main and suggests the question: Why should the plaintiff be made to pay the total cost of his damage caused by defendant's operation of its water system?

Plaintiff argues that the Restatement, Torts, 42,

§ 520 (1938) (based upon the classic case of *Rylands v. Fletcher*, LR 3 HL 330 (1868), affirming *Fletcher v. Rylands*, LR 1 Ex 265 (1866)) tells us that the construction and maintenance of a pressurized water main is an abnormally dangerous activity. The Restatement, Torts, § 520, supra, at 42, defines an ultrahazardous activity:

"An activity is ultrahazardous if it

"(a) necessarily involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by the exercise of the utmost care, and

"(b) is not a matter of common usage."

Oregon, however, does not strictly adhere to the Restatement definition in determining whether or not a given activity is abnormally dangerous. The Oregon Supreme Court stated the test to be:

"* * * We have come to the conclusion that when an activity is extraordinary, exceptional, or unusual, considering the locality in which it is carried on; when there is a risk of grave harm from such abnormality; and when the risk cannot be eliminated by exercise of reasonable care, the activity should be classed as abnormally dangerous. * * *" *McLane v. Northwest Natural Gas*, 255 Or 324, 328, 467 P2d 635 (1970).

This definition adds to the Restatement definition the requirement that "an activity * * * [be] extraordinary, exceptional, or unusual, considering the locality in which it is carried on." Applying the guidelines of *McLane* to the facts alleged, we hold that defendant's maintenance of a pressurized water main under the street is not an abnormally dangerous activity. There is nothing "extraordinary," "exception-

al" or "unusual" about such an activity. The judgment sustaining the demurrer must be affirmed.[1]

Affirmed.

---

[1] Some writers have philosophized that the imposition of strict liability in cases such as this has been impeded because it created a burden on industrial and commercial development which would prevent the expansion of frontiers and thus interfere with the "manifest destiny" of the United States. With the disappearance of frontiers and the urbanization and development of resources, the writers urge that the requirement of proof of negligence is not adapted to such expanding civilization and that hazardous enterprise, even though socially valuable, should pay its way and make good any damage inflicted.