# McDAID, *Petitioner, v.* CITY OF PENDLETON, *Respondent.*

485 P2d 1229

In Banc

Roy Kilpatrick and B. J. Matzen, John Day, for the petition.

Corey, Byler & Rew, Pendleton, contra.

DENECKE, J.

Plaintiff filed a petition for review of the decision of the Court of Appeals. 4 Or App 380, 478 P2d 642 (1970). Defendant filed a motion to dismiss the petition upon the ground that it was not timely filed.

The Court of Appeals denied plaintiff's petition for rehearing on January 26. The Court of Appeals issued its mandate to the circuit court on April 12. The petition for review was filed on May 6.

ORS 2.520 (1) provides, in part: "Any party aggrieved by a final judgment of the Court of Appeals may petition the Supreme Court for review within 30 days after the date the judgment becomes final * * * *."

The petition for review was filed more than 30 days after the petition for rehearing was denied by the Court of Appeals. Plaintiff contends this is immaterial because the Court of Appeals' judgment did not become final until the mandate of the Court of Appeals was issued and the petition for review was filed within 30 days of the issuance of the mandate.

We hold that the petition for review was not timely filed because it was not filed within 30 days from the date on which the Court of Appeals denied the petition for rehearing.

"The purpose of a mandate is to apprise the lower court of the disposition of the cause on appeal and to direct proceedings in accordance therewith." *Dickson v. King,* 151 Or 512, 514, 49 P2d 367 (1935). The judgment of an appellate court is final for the purpose of computing the time for filing a petition for review when its opinion is "handed down," i.e., "pronounced." *Ahonen v. Hryszko,* 90 Or 451, 460, 175 P 616, 177 P 63 (1919); *Hammer v. Downing,* 39 Or 504, 524, 64 P 651, 65 P 17, 65 P 990, 67 P 30 (1901).

The "motion for a rehearing, if filed, only suspends the judgment from the date of filing." *Zeuske v. Zeuske,* 55 Or 65, 87, 103 P 648, 105 P 249 (1909).

When a petition for rehearing is timely filed the judgment is not final for the purposes of computing the time within which to file a petition for review until the petition for rehearing is denied.

Petition denied.

TONGUE, J., concurs in the result.