Argued December 30, 1913, decided January 6, 1914.

## WIEST v. SCHOOL DISTRICT No. 24.

(137 Pac. 749.)

**Schools and School Districts—Liability for Torts—Acts of Officers.**

A school district is not liable for a tort by the directors or clerk in entering on the district records the reason for dismissal of a teacher, nor can any unlawful act of the directors or clerk be imputed to the district.

[As to liability of school board or superior officer for libel or slander of teacher, see note in Ann. Cas. 1913E, 195.]

From Marion: PERCY R. KELLY, Judge.

Department 1. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by W. A. Wiest against School District No. 24 of Marion County, Oregon, for libel. The

complaint, after alleging the corporate character of defendant and the fact that plaintiff was a duly employed teacher in one of its public schools, continues as follows:

"That in or about the beginning of the month of December, 1912, one Laura De Bord made certain false and malicious charges and accusations against the plaintiff in his capacity as a teacher, and on the 13th day of January, 1913, the board of directors of said school district No. 24 held a meeting for the pretended purpose of investigating the said charges and accusations made against the plaintiff, and an investigation thereof was held on the said date, and the defendant caused to be entered upon its records and journals certain minutes of and concerning the business transacted at said meeting and said investigation as follows: 'Record of Clerk, page 236. School Board Meeting, Salem, Oregon, Jan. 13, 1913. The following witnesses were examined and cross-examined: Laura De Bord, Mrs. Pickering, Mrs. De Bord, Miss Pohle, Mr. Howe (janitor), Mr. Jenks, Mr. Trindle. Following examination of above witnesses, Mr: Corby, on behalf of W. A. Wiest, addressed the board. Upon motion board went into executive session. After due consideration the board found that W. A. Wiest had been guilty of immoral conduct and behavior unbecoming a teacher with one Laura De Bord, and that the charges preferred against him had been sustained. After due consideration the board found that the charges had been sufficiently substantiated to warrant the dismissal of W. A. Wiest. It was moved and duly seconded that W. A. Wiest be dismissed as teacher in the public schools of district No. 24, Marion County, Oregon, for immoral conduct and behavior unbecoming a teacher with one Laura De Bord, which motion being placed before the board received the affirmative vote and was by the chair declared carried, and the chair declared said W. A. Wiest duly dismissed as a teacher in the schools of school district No. 24, Marion County,

Oregon. Upon motion, clerk was instructed to notify W. A. Wiest of their findings. W. A. Wiest being present before the board, he was in open meeting dismissed as a teacher. Adjournment followed.' That the false and defamatory matter, to wit, that plaintiff was guilty of immoral conduct and behavior unbecoming a teacher, was and is wholly false and untrue, but nevertheless the defendant maliciously published the same of and concerning the plaintiff in his capacity as a teacher, and by means of said publication the plaintiff was injured in his reputation and in his good name and credit as a teacher, and in the practice of his profession as such teacher, to his damage in the sum of $5,000.''

A general demurrer being sustained, the plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief, with oral argument by *Mr. Grant Corby* and *Mr. John A. Carson.*

For respondent there was a brief and an oral argument by *Mr. George G. Bingham.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

The district is not liable for a tort committed by the directors or clerk in entering upon the district records the reason for the dismissal of a teacher, nor can any unlawful act of the directors or clerk be imputed to the district: *Bank* v. *Brainerd School Dist.,* 49 Minn. 106 (51 N. W. 814, 37 L. R. A. 301, note); *Board of Education* v. *Volk,* 72 Ohio St. 469 (74 N. E. 646). A different conclusion appears to have been arrived at in *Redfield* v. *School Dist. No. 3,* 48 Wash. 85 (92 Pac. 770); but, while we have great respect for the learning and ability of that court, we cannot agree with it in this instance. The statutes of Minnesota bearing upon this subject are similar to our

own, and we think that the opinion in *Bank* v. *Brainerd School Dist.*, 49 Minn. 106 (51 N. W. 814, 37 L. R. A. 301, note), correctly states the law. As observed in *Board of Education* v. *Volk*, 72 Ohio St. 469 (74 N. E. 646) : "The board is not authorized to commit a tort, to be careless or negligent; and, when it commits a wrong or tort, it does not in that respect represent the district, and, for its negligence or tort in any form, the board cannot make the district liable." We do not believe that it was the intent or is the policy of our law to take the funds intended for the education of the young and apply it to payment of any malicious act of its officers. It is carrying the doctrine of imputed tort too far to hold that, because the directors or clerk of the district have published a libel or spread it on the record of the district, the district itself is a malicious libeler.

The judgment is affirmed.          AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.