Argued October 27, affirmed November 24, rehearing denied December 15, 1914.

# COLEMAN *v.* LA GRANDE.*

(144 Pac. 468.)

**Constitutional Law—Adoption of Constitution—Effect of Prior Law—Initiative Charter—Liability to Suit.**

1.   Article IV, Section 1a, of the Constitution, confers the initiative and referendum powers upon the legal voters of every municipality, and Article XI, Section 2, empowers the legal voters of every city to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon. Article I, Section 10, of the Constitution, provides that every man shall have remedy by due course of law for injury to his person, property, or reputation. Section 358, L. O. L., gives a right of action against public corporations, except counties, for injury to the rights of the plaintiff arising from some act or omission of the public corporation. The principle of this act was in force when the Constitution was adopted. *Held,* that the remedy given by Section 358, L. O. L., was comprehended within Article I, Section 10, and therefore the power of a municipality to adopt its charter under the initiative was subject to such right of action.

**Constitutional Law—Construction—Different Sections.**

2.   The different sections of the Constitution must be construed together.

**Municipal Corporations—Actions Against City—Charter Provisions.**

3.   The provisions of the charter of La Grande that the city may sue and be sued, plead and be impleaded, defend and be defended in all courts of justice and in all actions, suits or proceedings embrace the right to bring any action against the city that could have been brought under the law as it existed at the adoption of the charter.

**Municipal Corporations—Legislative Control—Initiative Charter.**

4.   By granting to the people of a municipality the power to enact and amend their charter and local laws, the state did not surrender its sovereignty as to such municipalities, but in matters of general concern and those beyond the boundary of the municipalities, the cities are amenable to the general law.

**Municipal Corporations—Waterworks System—Liability—Negligence.**

5.   A city waterworks system, operated by the city for profit, belongs to it in its proprietary, not governmental, capacity, and the city is liable for negligence in the construction or maintenance thereof.

> [As to liability of municipality for negligence or misconduct of officers or agents, see notes in 53 Am. Dec. 320; 30 Am. St. Rep. 376.]

*As to the liability of a municipal corporation for tort in connection with waterworks system, see notes in 61 L. R. A. 58 and 25 L. R. A. (N. S.) 239.    REPORTER.

**Appeal and Error—Harmless Error—Instructions—Cure by Verdict.**

6. Error in instructing the jury as to contributory negligence and assumption of risk in an action under the Employers' Liability Act (Laws 1911, p. 16), is not prejudicial to plaintiff, where the instructions directed a verdict for defendant if the jury found either contributory negligence or assumption of risk and the jury rendered a verdict for plaintiff.

**Appeal and Error—Review—Verdict.**

7. The amount of damages awarded by the jury will not be reviewed, where no exceptions were taken to the rulings or instructions as to the measure of damages, especially under Article VII, Section 3, of the Constitution, providing that no fact tried by a jury shall be otherwise re-examined in any court unless the court can affirmatively say there was no evidence to support the verdict.

From Union: John W. Knowles, Judge.

In Banc. Statement by Mr. Justice Bean.

This is an action by C. N. Coleman against the City of La Grande, a municipal corporation, for damages against the defendant city. The cause was tried before the court and jury, and the verdict and judgment rendered in favor of the plaintiff for $1,000. Both parties appeal. The gist of the complaint is that on July 7, 1913, the plaintiff was employed by the defendant as a common laborer in excavating a trench about five feet deep for a water main on Jefferson Avenue in the City of La Grande, as a part of the city water system from which the municipality derived an income; that the defendant, acting by its officers, agents and superintendents, negligently failed in its duty to excavate, crib, brace, wall or shore up the sides of the ditch or inspect the work so as to make the place where the plaintiff worked reasonably safe, and omitted to warn the plaintiff of the dangerous condition thereof on account of which the trench caved in upon the plaintiff, injuring him permanently to his damage in the sum of $25,000.

The defendant filed a general demurrer to the complaint. This being overruled, it answered, admitting

the employment of the plaintiff, denying any negligence on the part of the defendant, and pleading assumption of risk and contributory negligence on the part of the plaintiff. The reply put in issue the new matter of the answer.          AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. John S. Hodgin.*

For respondent there was a brief over the name of *Messrs. Cochran & Eberhard,* with oral arguments by *Mr. George Cochran* and *Mr. Colon R. Eberhard.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Upon the trial defendant's counsel objected to the introduction of any evidence for the reason that the city was not liable in such an action under its charter. The court overruled the objection, and the defendant duly saved an exception. At the close of the plaintiff's case counsel for the city moved for a nonsuit upon the same grounds. The motion was denied. The defendant upon this appeal relies upon one question only. It maintains that the city is exempt from liability in such an action under its charter. The charter of the City of La Grande was adopted by the people of the city under the provisions of Article IV, Section 1a, of the Constitution, which provides in part as follows:

"The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legislation, of every character, in or for their respective municipalities and districts."

Article XI, Section 2, of the Constitution is as follows:

"Corporations may be formed under the general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city, or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon."

2. Sections 357, 358, L. O. L., provide that except as to counties an action may be maintained against any public corporation in this state in its corporate capacity, and within the scope of its authority, or "for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation." It is claimed by counsel for the defendant that these sections do not apply in cases like the one under consideration, for the reason that the city is not subject to legislative control; in other words, that the city in so far as it relates to cases of this kind is an *imperium in imperio.* Section 1 of the charter of the City of La Grande provides in part that the City of La Grande by such name shall "contract and be contracted with, sue and be sued, plead and be impleaded, defend and be defended, in all courts of justice and in all actions, suits and proceedings whatsoever." Article I, Section 10, of our Constitution ordains, among other things, that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." The constitutional provision granting to the legal voters of cities and towns the power to enact and amend their municipal charters is subject to the Constitution and criminal laws of the state; therefore Article I, Section 10, would apply. Every man would be entitled to a remedy against a

city incorporated by virtue of an initiative charter the same as against any other municipal corporation. The principle that an action may be maintained against a public corporation, as set forth in Section 358, L. O. L., was enacted January 7, 1854: Statutes of Oregon, 1855, c. 2, § 4, p. 168. It was in force when our Constitution became effective in 1859. The remedy provided for in Section 358, L. O. L., was therefore in existence at that time, and was comprehended in Article I, Section 10. The different sections of the Constitution must be construed together: *Straw* v. *Harris*, 54 Or. 424 (103 Pac. 777); *Branch* v. *Albee*, 71 Or. 188 (142 Pac. 598, 600).

3. We do not believe that the language of the charter of the City of La Grande quoted above warrants the conclusion that the people of the city intended to render the municipality immune from such an action. The provision in regard to the city suing and being sued is general in its terms, and embraces any action against the municipality that could be brought under the law as it then existed.

4. By granting and reserving to the people of municipalities the power to enact and amend their charters and adopt local or special laws, the state has not surrendered her sovereignty to the municipalities. Within their boundaries cities are clothed with power to regulate matters purely local. However, a city is not constituted as a sovereignty as regards all matters of legislation, but is still to a certain extent a mere agency of the state of which it is a part. Beyond such municipal boundaries and in matters of general concern not pertaining solely to local municipal affairs, cities are amenable to the general laws of the state which do not infringe upon the right of cities to local self-government. This is so whether such laws are en-

acted by the legislature or by the people of the state at large: *Kiernan* v. *Portland,* 57 Or. 454 (111 Pac. 379, 112 Pac. 402, 37 L. R. A. (N. S.) 339); *Thurber* v. *McMinnville,* 63 Or. 410, 415 (128 Pac. 43); *Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28); *State ex rel.* v. *Port of Tillamook,* 62 Or. 332 (124 Pac. 637, Ann. Cas. 1914C, 483); *Schubel* v. *Olcott,* 60 Or. 503 (120 Pac. 375); *Branch* v. *Albee,* 71 Or. 188 (142 Pac. 598, 600); *Kalich* v. *Knapp, post,* p. 558 (142 Pac. 594); *Riggs* v. *Grants Pass,* 66 Or. 266 (134 Pac. 776); *California-Oregon P. Co.* v. *Grants Pass* (D. C.), 203 Fed. 173; *Portland Ry., L. & P. Co.* v. *Portland* (D. C.), 210 Fed. 667, 672).

5. In *Esberg Cigar Co.* v. *Portland,* 34 Or. 282, 287 (55 Pac. 961, 963, 75 Am. St. Rep. 651, 43 L. R. A. 435), this court said:

"When a special power or privilege is conferred upon or granted to a municipal corporation, to be exercised for its own advantage or emolument, and not as a mere governmental agency, it is liable to the same extent as an individual or a private corporation for negligence in managing or dealing with the property rights or franchises held by it under such grant."

Action may be maintained against the City of La Grande for negligence resulting in the injury of an employee while engaged in laying a water-pipe as a part of its system of waterworks which is operated by it for profit. Such a system of waterworks belongs to the city in its private or proprietary capacity rather than in its governmental character, and it is liable as a private proprietor for negligence in the construction or maintenance thereof: *Esberg Cigar Co.* v. *Portland,* 34 Or. 282, 287 (55 Pac. 961, 963); *Pacific Paper Co.* v. *City of Portland,* 68 Or. 120 (135 Pac. 871); *Blake-McFall Co.* v. *City of Portland,* 68 Or. 126 (135 Pac.

873) ; *Rhobidas* v. *Concord,* 70 N. H. 90 (47 Atl. 82, 85 Am. St. Rep. 604, 51 L. R. A. 381, 383).    The position of the city cannot be maintained.

6. The plaintiff, upon cross-appeal, contends that, as the case comes under the Employers' Liability Act (Laws 1911, p. 16), the court erred in instructing the jury to the effect that if they found the plaintiff was guilty of contributory negligence or assumed the risk as an incident to his employment, plaintiff could not recover.    Among other instructions, the court charged the jury to the effect that if they believed from the evidence that the defendant was guilty of the negligence charged in the complaint, and that the injury complained of was the natural consequence of such negligence and might have been foreseen and reasonably anticipated as the result, such negligence should be regarded as the proximate cause of such injury. The court further charged the jury that it is the duty of the master to see that the place where the servant is set to work is reasonably safe, and that if they found from the testimony that the defendant or its superintendent knew that the nature of the soil through which the ditch was dug, the depth of the ditch, and the manner in which it was dug, were such as to render the sides of the ditch liable to fall and dangerous; that the superintendent was on the spot and had an opportunity to observe its condition; that the ditch in which the plaintiff was set to work a short time prior to the injury, if any, was unsupported and not braced; and that sufficient and suitable material was not furnished by the defendant for that purpose—their verdict must be for the plaintiff, provided that the plaintiff did not assume the risk and was not guilty of contributory negligence.    Under the instructions of the court the jury by their verdict found in effect that the plaintiff

was not guilty of any negligence contributing to his injury. They also found that the plaintiff did not assume the risk. These two questions having been decided by the jury in favor of the plaintiff, they are both eliminated from the case. The plaintiff has no reason to complain, and he could not have been prejudiced on account of the instructions in regard to contributory negligence and assumption of risk. If the jury had found adversely to the plaintiff, then the questions referred to, which are carefully briefed, would have been raised.

7. The only question remaining for the jury to determine, they having found that the defendant was negligent and liable, was the amount of damages. No exceptions were taken or error alleged as to the rulings or instructions relative to the measure of damages. Especially should such a rule be applied under the provisions of Article VII, Section 3, of the Constitution.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

AFFIRMED. REHEARING DENIED.