Argued March 2, affirmed March 22, rehearing denied May 17, 1927.

# LOREN W. SPENCER *v.* SCHOOL DISTRICT No. 1.

(254 Pac. 357.)

**Municipal Corporations—Action Against Public Corporation must Arise from Act in Its Corporate Character and Within Scope of Its Authority (Or. L., §§ 357, 358).**

1.   Under Section 358, Or. L., providing that an action may be maintained against any public corporation, other than a county, mentioned in Section 357, to wit, any incorporated town, school district, or other public corporation of like character in its corporate capacity, and within the scope of its authority or for an injury to

the rights of plaintiff arising from some act or omission of such corporation, the action must be for an act or omission in the corporate character, and within scope of its authority.

**Schools and School Districts—School District Held Governmental Agency, and Therefore not Liable to Minor for Negligence in Maintaining Radiator in Gymnasium.**

2.   In a minor's action against school district for negligence in maintaining radiator in gymnasium, the district was not liable for damages, for the reason that, in maintaining the building, it was acting in a governmental capacity.

**Schools and School Districts—Legislature has Power to Impose Liability on School District for Negligence in Maintaining Building.**

3.   It is within power of legislature to impose on a school district or other municipal or *quasi*-municipal corporation liability for negligence in the maintenance of a school building.

**Schools and School Districts—Statute Authorizing Actions Against Public Corporations Inhibits Action Against School District for Act or Omission in Governmental Capacity (Or. L., § 358).**

4.   The limitation in Or. L., § 358, "in its corporate character, and within the scope of its authority," prescribing the acts or omissions of a public corporation for which an action may be maintained, inhibits an action against a school district for any act or omission while acting in a governmental capacity.

**Schools and School Districts—"School District" is Governmental Agency in Maintaining School Buildings and Accoutrements.**

5.   A "school district," under Oregon statutes, is an arm of the state functioning in the maintenance of school buildings and accoutrements as agency of the state, not in a private or proprietary capacity.

**Schools and School Districts—School District is Immune from Actions for Negligence in Performing Statutory Duties.**

6.   In performing duties imposed on it by statute, a school district is immune from an action for damages for negligence.

Schools and School Districts, 35 Cyc., p. 831, n. 79, p. 971, n. 75, 80, p. 972, n. 82, 87.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is an action brought by Loren W. Spencer, a minor, by his guardian *ad litem* against School Dis-

2.   Liability of school district for tort or negligence, see notes in 37 L. R. A. 301; 49 L. R. A. (N. S.) 1026. Liability for injury to pupil, see notes in 9 A. L. R. 911; 14 A. L. R. 1392; 21 A. L. R. 1328; 24 A. L. R. 1070. See, also, 24 R. C. L. 604.

trict No. 1, a *quasi*-public corporation in Multnomah County, to recover damages for personal injuries caused by negligence of the defendant in placing a radiator in a gymnasium hall used in connection with the Benson Polytechnic School.

The defendant demurred to the complaint upon two grounds; first, that the plaintiff failed to present his claim to the proper authorities of the school district for audit; second, that the school district is a branch of the government and as such is immune from actions of this kind. The Circuit Court sustained the demurrer upon the second ground and plaintiff appealed.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. O. A. Neal.*

For respondent there was a brief and oral argument by *Mr. E. L. McDougal.*

BEAN, J.—The case depends upon the construction of Section 358, Or. L. Prior to the amendment of this section in 1887 it read as follows:

"An action may be maintained against a county or other of the public corporations mentioned or described in section 346, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff, arising from some act or omission of such county or other public corporation."

In 1887 this section was amended so as to read as follows:

"An action may be maintained against any of the organized counties of this state upon a contract made by such county in its corporate character, and within

the scope of its authority, and not otherwise; and an action may be maintained against any of the other public corporations in this state mentioned in section 357, in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation."

Section 357, Or. L., provides as follows:

"An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it in its corporate character, and not otherwise, in either of the following cases:—

"1. Upon a contract made with such public corporation;

"2. Upon a liability prescribed by law in favor of such public corporation;

"3. To recover a penalty or forfeiture given to such public corporation;

"4. To recover damages for an injury to the corporate rights or property of such public corporation."

Prior to the amendment of the statute in 1887 counties were held liable for damages caused by negligently maintaining their highways, by virtue of the provisions of the statute: *McCalla* v. *Multnomah County*, 3 Or. 424; *Templeton* v. *Linn Co.*, 22 Or. 313 (29 Pac. 795, 15 L. R. A. 730).

At common law school districts were not liable for personal injuries either to employees or to members of the general public, resulting from the negligent construction or operation of their buildings or grounds. The rule is stated in 4 Dillon on Munic. Corp. (5 ed.), Section 1658, as follows:

"When a municipal corporation is charged by charter or statute with the duty of erecting and maintaining public schools for the education of the

children of the municipality, the weight of authority is to the effect that in the exercise of the power so conferred it perform a public or governmental duty and not a special corporate or administrative duty as distinguished from a state or public duty, and it is not impliedly liable for the wrongful acts and negligence of its officers or agents in maintaining and repairing school buildings. In the case of school districts, boards of education and other *quasi* corporations created for the limited purpose of directing and controlling school matters, exemption from liability, in some jurisdictions at least, is placed upon the two-fold ground (first) that these bodies are only *quasi* corporations and (second) that they perform only a public and governmental duty and do not act in a private or corporate capacity in directing and maintaining school buildings.''

1. It will be seen by comparison of the statute as it read prior to the amendment of 1887 with the section (358) as it now reads, that formerly an action could be maintained against a county or other public corporation described in the prior section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation. In other words, under the former statute, counties and other public corporations were embraced in one class under the statute. As the statute now reads an action may only be maintained against a county upon a contract made by it in its corporate character and within the scope of its authority. As to any other public corporations, an action may now be maintained against it in its corporate character, and within the scope of its authority, for an injury to the rights of the plain-

tiff arising from some act or omission of such public corporation.

2. While the language of the latter part of this section is not smooth, it is clear that in order to maintain an action against a school district, it must be for an act or omission "in its corporate character and within the scope of its authority." Otherwise those words embodied in the latter part of the section would be meaningless. Hence the determination of the question in the present case depends upon whether the school district in the maintenance of its school building was acting in its proprietary or corporate character or in a public governmental capacity.

3, 4. It cannot be questioned that it is within the power of the legislature to impose such liability for negligence upon a school district or upon any other municipal or *quasi*-municipal corporation. It is contended by plaintiff that the statute as amended (Section 358, Or. L.), in so far as it applies to school districts, is the same as it was originally as to counties, and that as the original statute gave a right to sue a county or municipality for negligence, the present statute must give a right to sue a school district for negligence.

With this construction of the statute we are unable to agree. The inclusion of the latter part of the section of the words "in its corporate character and within the scope of its authority" can have no other meaning than to inhibit an action against a school district for any act or omission while acting in a public or governmental capacity. The word "or" retained in this section from the old statute has no place or meaning therein unless it is construed to mean "and." It is superfluous in any event. The liability of some of the other municipal corporations

mentioned in the statute when acting in their proprietary or corporate capacity has been recognized, and in so far as has been noticed, in regard to public corporations, such as cities, the right to maintain an action for negligence has been confined to the acts or omissions of such municipalities in their corporate capacity, as distinguished from its governmental capacity: *Esberg Cigar Co.* v. *Portland,* 34 Or. 282, 287 (55 Pac. 961, 963, 75 Am. St. Rep. 651, 43 L. R. A. 435). In that case it was said:

"When a special power or privilege is conferred upon or granted to a municipal corporation, to be exercised for its own advantage or emolument, and not as a mere governmental agency, it is liable to the same extent as an individual or private corporation for negligence in managing or dealing with the property rights or franchises held by it under such grant."

In *Coleman* v. *City of La Grande,* 73 Or. 521, 526 (144 Pac. 468), it was held that an action could be maintained against the city for negligence resulting from an injury to an employee while engaged in laying a steel pipe, as part of the city's system of waterworks, which it operated for profit.

In *Wagner* v. *Portland,* 40 Or. 389, 397 (60 Pac. 985, 67 Pac. 300), this court said:

"Plaintiff's counsel contends that the statute (referring to Sec. 358) settled the question at the very outset. But it only gives the action against the municipality when it is liable in its corporate capacity, as distinguished from its political or governmental capacity, as an arm of the state in the exercise of sovereignty."

See, also, *Pacific Paper Co.* v. *City of Portland,* 68 Or. 120 (135 Pac. 871); *Blake McFall* v. *City of Portland,* 68 Or. 126 (135 Pac. 873).

In the footnote in 4 Dillon on Munic. Corp. (5 ed.), Section 1658, there are cases cited which are like the present case, wherein recovery was denied. Among them are *Hill* v. *Boston*, 122 Mass. 344 (23 Am. Rep. 332), where a child was injured by an unsafe condition of a staircase in a schoolhouse; *Kinnare* v. *Chicago*, 171 Ill. 332 (49 N. E. 536), for injuries to a workman.

5. A school district under our statute is merely an arm of the state, for the administration of its school system. In the construction and maintenance of its school buildings and accoutrements, if not in all matters, it functions as an agency of the state, and not in a private or proprietary capacity: *Attorney General* v. *Lowry*, 131 Mich. 639 (92 N. W. 289); *Weist* v. *School Dist. No. 24*, 68 Or. 474 (137 Pac. 749, 49 L. R. A. (N. S.) 1026).

6. In performing such duties imposed upon a school district by a statute, it is immune from an action for damages for negligence. The judgment of the Circuit Court sustaining the demurrer to the complaint is affirmed.    Affirmed.    Rehearing Denied.

Burnett, C. J., and Brown and McBride, JJ., concur.