Argued January 15, reversed March 19, withdrawn from further consideration on stipulation September 10, 1929.

WILLIAM LUPKE *v.* SCHOOL DISTRICT No. 1 OF MULTNOMAH COUNTY.

(275 Pac. 686.)

For appellant there was a brief over the names of *Mr. B. A. Green* and *Mr. L. A. Wells,* with an oral argument by *Mr. Green.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. Sam H. Pierce,* Deputy District Attorney.

BEAN, J.—Adopting the statement made in *Spencer* v. *School District No. 1,* 121 Or. 511 (254 Pac. 357), at page 516 of the Report, which is applicable in the present case, ''hence the determination of the question in the present case depends upon whether the school district, in the maintenance of its school buildings, was acting in its proprietary or corporate character, or in a public governmental capacity.'' The question depends upon the construction of the statute to which we referred.

■ ■ At common law school districts were not liable for personal injuries either to employees or to members of the general public, resulting from the negligent construction or operation of their buildings or grounds: 4 Dillon, Mun. Corp., § 1658; *Spencer* v. *School District No. 1, supra,* at page 514. Mr. Dillon

in that section states, in substance, that a municipal corporation, in such cases, charged by statute with the duty of electing and maintaining public school buildings, "is not impliedly liable for the wrongful acts and negligence of its officers and agents in maintaining and repairing school buildings." Therefore, the question depends upon the statute. Undoubtedly it is within the power of the legislature to impose a liability for negligence upon a school district or upon any other municipal or *quasi*-municipal corporation.

It will be noted that the legislature by the amendment of Section 358 in 1887, limited actions against a county, to actions upon a contract made by such county. The legislature, in its wisdom, however, did not see fit to place the school districts in the same catagory as counties, as they were prior to the amendment of 1887, but left the school district still liable to an action for an injury to the rights of plaintiff arising from some act or omission of such school district. We have then to determine whether the school district in employing the plaintiff and repairing or painting the flagpole, was acting in a public, governmental capacity, or in the performance of a corporate ministerial duty. Excepting, perhaps, in degree, as declared by the statute a school district is liable the same as municipal corporations.

It is mentioned in Section 357, Or. L., as follows: "with incorporated town, school district, or other public corporation of like character." These municipal and *quasi*-municipal corporations are referred to in Section 358 of the statute, which imposes a liability upon them "in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation."

There is ofttimes a shadowy distinction between the performance of a public or governmental act and the performance of a corporate or private act by such municipal or *quasi*-municipal corporation. We need go no further than the case of *Wagner* v. *Portland,* 40 Or. 389 (60 Pac. 985, 67 Pac. 300), in which the opinion was announced by Mr. Justice WOLVERTON, where it was contended, as it is contended here, that the Board of Fire Commissioners in repairing an electric fire-alarm system acted in a political and governmental, rather than in a private or corporate capacity, and was not amenable for the negligence of its officers and agents. As there stated, municipalities when acting through their fire department in the preservation of property from the devastation of fire, are in the exercise of a purely governmental function, and their officers and agents represent the public, as an arm of the state, for whose acts the corporation is not liable. At page 396 of the report we find the following language:

"But the case at bar is distinguishable from any of these cases, or any that we have been able to find applying the doctrine referred to therein. Here the city was acting in the discharge of a legal duty to repair the fire-alarm system, and the case is one of common employment for the performance of a special service for and in behalf of the city. The duty was being performed through the instrumentality of private or corporate agencies, and not through the fire department or its officers, or through officers of the city whose duty it was to perform such work; and it might be added that the work of repairing was an act ministerial in its nature."

The cases of *Mulcairns* v. *City of Janesville,* 67 Wis. 24 (29 N. W. 565), *McCaughey* v. *Tripp,* 12 R. I. 449, *Donahoe* v. *City of Kansas City,* 136 Mo. 657 (38

S. W. 571), *City of Toledo* v. *Cone,* 41 Ohio St. 149, are there cited.

The cases of *McCalla* v. *Multnomah County,* 3 Or. 428, and *Templeton* v. *Linn Co.,* 23 Or. 313 (29 Pac. 795, 15 L. R. A. 730), 41 Am. & Eng. Cas. 460, show the liability of a county under the statute prior to the amendment of 1887 and *Sheridan* v. *City of Salem,* 14 Or. 328 (12 Pac. 925), shows the liability of a municipality under the statute.

The case of *Wiest* v. *School District,* 68 Or. 474 (137 Pac. 749, 49 L. R. A. (N. S.) 1026), was a case brought for slander against the school board by reason of their having desired to discharge a teacher for immoral conduct. This was held to be an act on the part of the school board, governmental and public in its nature, and it was held that the school district was not liable.

■ The plaintiff was employed by the officers of the school district in the discharge of a legal duty, that of painting and maintaining a flagpole: Or. L., § 5073. It was a case of common employment for the performance of a special service for the school district. The officers and employees of the district in the performance of such act were not in the exercise of a governmental or public function, but the work of painting the flagpole was an act ministerial in its nature and if there was negligence as alleged in the complaint, the district is liable therefor.

■ A school district acting by its officers in exercising its discretion, and adopting a plan, or deciding whether it will purchase or maintain a certain school building, would be exercising a public or governmental function. When a school district has ordered the erection, or repair, of a structure and is engaged in the prosecution of the work, its duty becomes ministerial. Where a judicial or governmental duty ends,

a ministerial duty begins, and immunity ceases and liability attaches: *Humphrey* v. *Portland,* 79 Or. 430, 442 (152 Pac. 897). See, also, *Ryder* v. *La Grande,* 73 Or. 227, 229 (144 Pac. 471); *Giaconi* v. *Astoria,* 60 Or. 12 (113 Pac. 855, 118 Pac. 180, 37 L. R. A. (N. S.) 1150); *Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435); *Coleman* v. *La Grande,* 73 Or. 521, 526 (144 Pac. 468).

A lengthy discussion of the question is rendered unnecessary by reason of the lucid enunciations in the case of *Wagner* v. *Portland, supra,* to which we have referred.

We have quoted the statement of the question involved in the case of *Spencer* v. *School District No. 1,* 121 Or., at page 516 (254 Pac. 357), which still seems correct to the effect that it depended upon whether the school district was acting in its proprietary corporate character, or in a public governmental capacity. The decision in that case sustaining the demurrer to the complaint, couched in very general language, was a holding that in the act described, the district was not acting in its corporate capacity. In that case it was alleged that the school district permitted to be kept in the hallway of the school gymnasium, which it operated, an iron radiator. It was not shown by the complaint that the school district owned or placed the radiator, or ever took charge of it. For aught shown in the pleading it may have been placed by pupils, or an independent contractor. Using common parlance it was not averred that the district ever took the radiator under its wing, or used it in any way. We think that case, which we have examined from the record, differs from the one in hand. We believe that the general statement on page 518 of the report should be qualified so as to be to the effect that in

performing duties imposed upon a school district by the statute, "it is immune from an action for negligence," except when acting in its corporate capacity in the performance of a ministerial duty.

We refrain from considering cases from other states as the statute of such states may be variant from ours. The principle involved in our statute has been announced by this court for many years. If the rule is changed it should be done by the legislature.

■ If a *quasi* corporation such as school districts, is performing a purely ministerial act, and has in its employ a laborer engaged in painting a structure at a certain wage per day, then under certain conditions we think the Employers' Liability Act would apply.

It follows that the judgment must be reversed and the cause remanded with directions to overrule the demurrer and take such further proceedings as may seem proper.

REVERSED AND REMANDED. WITHDRAWN FROM FURTHER CONSIDERATION ON STIPULATION.

COSHOW, C. J., and BROWN and BELT, JJ., concur.