Argued May 16; affirmed June 20, 1933

RANKIN *v.* SCHOOL DISTRICT No. 9 ET AL.

(23 P. (2d) 132)

*McDannell Brown,* of Portland (C. M. Idleman, of Portland, and Swan & Swift, of Newberg, on the brief), for appellant.

*Harley W. Allen,* of Portland (Sheppard & Phillips, of Portland, on the brief), for respondents.

BELT, J. This is an action to recover damages for personal injuries sustained through the alleged negligence of the defendant Sheppard in driving a school bus owned and operated by the defendant school dis-

trict to transport children free of charge to and from school. A general demurrer to the complaint was sustained and, upon refusal of the plaintiff further to plead, the action was dismissed. Plaintiff appeals.

■ The principal question is whether, in the operation of this bus, the school district was acting in a governmental capacity. If it was so acting, it is clear there is no liability against it: *Antin v. Union High School District,* 130 Or. 461 (280 P. 664, 66 A. L. R. 1271); *Lupke v. School District No. 1,* 130 Or. 409 (275 P. 686); *Spencer v. School District No. 1,* 121 Or. 511 (254 P. 357); *Wagner v. Portland,* 40 Or. 389 (60 P. 985, 67 P. 300). If, however, the school district was functioning in a proprietary capacity, it is equally well settled in this jurisdiction that it must respond in damages for its negligence. The line of demarcation between a governmental act and a proprietary act is in many instances indistinct and has caused courts much concern.

■ This court, in *Antin v. Union High School District,* supra, in determining the liability or non-liability of a school district, approved the rule announced in *Bolster v. City of Lawrence,* 225 Mass. 387 (114 N. E. 722, L. R. A. 1917B, 1285), wherein the court said:

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability".

■ The school district, in the operation of the bus, pursuant to authority vested in it by statute (section 35-919, Oregon Code 1930), was acting as an agency of the state in affording children of school age an op-cuniary profit. Applying the test as above stated, the portunity to secure an education. It was acting for the common good and without purpose of deriving pe-

conclusion is reached that the school district was acting in a governmental capacity and by reason thereof this action can not be maintained against it.

*Antin v. Union High School District,* supra, is the latest expression of this court relative to the liability of school districts in tort actions and the law declared therein is adverse to the contentions of the appellant. We see no need for a restatement of the law. However, it is reassuring to note that the holding in the Antin case is in keeping with the great weight of authority. See *Allen v. Independent School District,* 173 Minn. 5 (216 N. W. 533); *Harris v. Salem School District,* 72 N. H. 424 (57 Atl. 332); *Horton v. Bienville Parish School Board,* 4 La. App. 123; *Consolidated School District v. Wright,* 128 Okla. 193 (261 P. 953, 56 A. L. R. 152), and A. L. R. annotations as follows: 9 A. L. R. 911; 14 A. L. R. 1392; 21 A. L. R. 1328; 24 A. L. R. 1070; 47 A. L. R. 829; 56 A. L. R. 164 and 66 A. L. R. 1281.

It is conceded that the complaint states a good cause of action against the defendant Sheppard who was the driver of the school bus and employed by the school district. While a general demurrer was filed on behalf of both defendants, it is stipulated here that the general demurrer may be considered by this court as a several demurrer interposed on behalf of each defendant.

It follows that the judgment of the lower court in dismissing the action against the school district is affirmed, but it is reversed as to the defendant Sheppard. The cause is remanded with direction to overrule the demurrer of defendant Sheppard and to permit him to answer the complaint within ten days from date of mandate of this court.

ROSSMAN, KELLY, and BAILEY, JJ., concur.