CITY OF PORTLAND v. PACIFIC TELEPHONE & TELEGRAPH CO.

No. 12042.

District Court, D. Oregon.

Oct. 16, 1933.

80

Frank S. Grant, City Atty., and R. A. Imlay, Deputy City Atty., both of Portland, Or., for plaintiff.

Omar C. Spencer, Philip Chipman, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for defendant.

McNARY, District Judge (after stating the facts as above).

The one important question presented by the demurrer is whether the Oregon Legislature is empowered to confer upon municipalities the authority to exact compensation for the use of their streets by a privately owned public utility without franchise. A determination of this question requires merely the application of primary principles.

It is elemental that the control of all highways of the state, including streets and alleys in incorporated cities, resides primarily in the people, and may be exercised through the initiative amendment to the Constitution (Const. Or. art. 4, §§ 1, 1a) or the agency of the legislative branch of the state government.

The state may delegate to municipalities unlimited control of their public highways, so long as such highways are not permitted to be converted to some use substantially different from that for which they were originally intended. Dent v. Oregon City, 106 Or. 122, 211 P. 909; Parker v. City of Silverton et al., 109 Or. 298, 220 P. 139, 31 A. L. R. 589.

Section 2, article 11, of the Constitution of Oregon, known as the "Home Rule Amendment," provides that: "The legislative assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitution and criminal laws of the state of Oregon."

It is contended that this amendment delegates to the city of Portland intramural control, thereby divesting the state of all authority over its highways; furthermore that, the city having no charter expressly authorizing it to levy a privilege tax for the use of its streets without a franchise, the entire legislation, state and municipal, is ultra vires.

The powers reserved to the state by the federal Constitution do not permit of the organization of independent sovereignties. In Straw v. Harris, 54 Or. 424, page 436, 103 P. 777, 782, the Supreme Court of Oregon, in discussing the powers delegated to municipalities under the Home Rule Amendment, said: "Whatever may be the literal import of the amendments it cannot be held that the state has surrendered its sovereignty to the municipalities to the extent that it must be deemed to have perpetually lost control over them. This no state can do. The logical sequence of a judicial interpretation to such effect would amount to a recognition of a state's independent right of dissolution. It would but lead to sovereigntial suicide. It would result in the creation of states within the state, and eventually in the surrender of all state sovereignty—all of which is expressly inhibited by article 4, § 3, of our national Constitution." In Coleman v. City of La Grande, 73 Or. 521, 525, 144 P. 468, 470, the court said: "By granting and reserving to the people of municipalities the power to enact and amend their charters and adopt local or special laws, the state has not surrendered her sovereignty to the municipalities. Within their boundaries cities are clothed with power to regulate matters purely local. However, a city is not constituted as a sovereignty as regards all matters of legislation, but is still to a certain extent a mere agency of the state of which it is a part. Beyond such municipal boundaries and in matters of general concern not pertaining solely to local municipal affairs, cities are amenable to the general laws of the state which do not infringe upon the right of cities to local self-government."

The Home Rule Amendment conferred upon municipalities within the state the exclusive right to enact and amend their charters to give their local lawmaking bodies authority to legislate in all matters incident to local government. It did not withdraw from the legislative assembly the power to pass laws general in their operation and character, or which relate to municipal highways and affect their public use.

The telephone company renders a service to the inhabitants of Portland vital to their social and economic welfare. Its lines in that city carry communications to all parts of Oregon, and their use, while of primary local concern, is a factor important to the commercial prosperity of the entire state. In order to furnish such service, the telephone company has appropriated to its exclusive use parts of the highways in the city of Portland dedicated to the permanent use of the public. When such an appropriation is sought or continued without a franchise, the state, having paramount sovereignty of such highways, is fundamentally empowered to grant the city the right to exact for its benefit compensation for this exclusive appropriation.

The demurrer will be overruled.