Argued October 6; reversed November 2, 1937

# WARD *v.* SCHOOL DISTRICT NO. 18 OF TILLA-MOOK COUNTY ET AL.

(73 P. (2d) 379)

*H. T. Botts*, of Tillamook, for appellant.

*George P. Winslow*, of Tillamook, for respondent.

KELLY, J.  On the 18th day of February, 1936, during the noon recess, five boys and three girls, all of whom were pupils in attendance at the school of defendant school district were playing hide and seek. Four of the boys, in order to hide from the other children, climbed upon a table, from there into a closet, the door to which was some five feet from the floor, and from there into the attic above an anteroom in the schoolhouse of defendant school district.  The group seeking to find those in hiding consisted of three girls and plaintiff's ward.  In his pursuit of the other boys, plaintiff's ward likewise climbed upon the table, then into the closet and then into the attic.  As he attempted to walk upon the ceiling joists, he fell through the ceiling, which was constructed of light material known as plaster board.  He fell upon the table from which he had climbed into the closet and sustained a fracture of his right femur.

The table was placed in the anteroom to accommodate 4-H Club members, and, when not in use, was placed near and below the door to the closet thus en-

abling the children to climb into the closet by making use of a cleat upon the wall intervening between the top of the table and the closet door.

In support of the judgment, plaintiff contends that the proximate cause of the injuries to plaintiff's ward was negligence of the school district in performing a ministerial and corporate or proprietary function, as distinguished from a governmental function; and that the school district created and maintained a dangerous nuisance upon its property.

We are unable to agree with plaintiff upon either of these propositions.

■ We think that at all the times mentioned the defendant school district, in its relation to plaintiff's ward, acted in its governmental capacity. He was a pupil in the school, upon the school premises under the control and supervision of the teacher.

"The general rule in this country is that a school district, municipal corporation, or school board is not, in the absence of a statute imposing it, subject to liabil-. ity for injuries to pupils of public schools suffered in connection with their attendance thereat, since such district, corporation, or board, in maintaining schools, acts as an agent of the state, and performs a purely public or governmental duty, imposed upon it by law for the benefit of the public, and for the performance of which it receives no profit or advantage." Annotation to *Stovall v. Toppenish School District No. 49,* 9 A. L. R. 911. See also 14 A. L. R. 1392; 21 A. L. R. 1328; 24 A. L. R. 1070; 56 A. L. R. 164; and 66 A. L. R. 1282.

In construing the statute upon the subject (section 5-502, Oregon Code 1930) of actions against public corporations for injuries, Oregon has adopted this general rule by numerous decisions: *Antin v. Union High School Dist. No. 2 of Clatsop County,* 130 Or. 461

(280 P. 664, 66 A. L. R. 1271), and authorities there cited; *Rankin v. School Dist. No. 9*, 143 Or. 449 (23 P. (2d) 132), and authorities there cited.

Plaintiff urges that the school district did not act in a governmental capacity in permitting the 4-H Club organization to hold its classes in the school building.

■ In this connection, we think that the statute is pertinent which provides:

"* * * The school board of any school district may cooperate with the state board for vocational education in the establishment of vocational schools or classes giving instruction in agricultural subjects, the trade or industrial subjects, or in home economics subjects, and may use any moneys raised by public taxation in the same manner as money for other school purposes are used for the maintenance and support of public schools." Section 35-506, Oregon Code 1930.

This statute refutes the allegation in plaintiff's complaint, "that the work and activities of said 4-H Club organization are in no way connected or related to any public work", to the extent, at least, that permitting instruction by said organization upon trade or industrial subjects or in home economics is not merely a proprietary or corporate as distinguished from a governmental act.

■ It will be noted that the above-quoted allegation of said complaint is but a conclusion. The better procedure would have been to have alleged affirmatively what the work and activities of said 4-H Club organization are; but doubtless plaintiff deemed them to be so well known as not to require such particularity.

Three cases are cited by plaintiff in support of her contention that the facts alleged in her complaint are sufficient to show that defendant, school district, maintained a dangerous nuisance.

■■ The first of these three cases involves a beam upon which plaintiff walked in the course of his training and instruction in a public school, and while so doing received injuries because of a fall therefrom: *Bush v. City of Norwalk,* 122 Conn. 426 (189 Atl. 608). A dangerous instrumentality may well be said to be a nuisance when its use is enjoined upon pupils in the course of their instruction and training in school. They are entitled to instruction and training free from and unattended by such an instrumentality. In the case at bar, the table, in suit, was in no sense a dangerous instrumentality. Plaintiff's ward was not using it in the course of his instruction when he was injured. Certainly, in his classwork he was not required to walk in the attic upon the plaster board ceiling.

The second of the threee cases deals with an unguarded and unexploded bomb in a public park: *City of Cleveland v. Ferrando,* 114 Ohio State 207, (150 N. E. 747).

The third holds that a wire, when charged with electricity and placed in a tree on picnic grounds, constitutes a dangerous nuisance with relation to one who had a right to be in the tree: *Cooper v. North Coast Powder Co.,* 117 Or. 652 (244 P. 665, 245 P. 317).

Neither of these cases deals with the situation portrayed in plaintiff's complaint.

The demurrer of defendant, school district, to the complaint should have been sustained.

The judgment of the circuit court is reversed and the cause remanded with instructions to enter an order sustaining said demurrer.

BEAN, C. J., and BELT and ROSSMAN, JJ., concur.