Submitted on briefs October 14; affirmed November 16, 1943

## LOVELL *v.* SCHOOL DISTRICT No. 13, COOS COUNTY, ET AL.

(143 P. (2d) 236)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*William E. Walsh, J. W. McInturff,* and *Willard W. McInturff,* all of Marshfield, for appellant.

*John G. Mullen,* of North Bend, and *J. B. Bedingfield* and *David Grant, Jr.,* both of Marshfield, for respondents.

BELT, J.

This is an action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant school district and its directors. A general demurrer to the complaint was sustained and, upon refusal of the plaintiff further to plead, the action was dismissed.

The defendants are charged with negligence in failing to maintain a wooden sidewalk on the school premises in a reasonably safe condition and state of repair in that they permitted the boards of the walk to become loose and rotted and the rusted nails thereof to protrude above the level of the same. It is alleged that the sidewalk had been in such dangerous condition for several months prior to the time of the accident and that the defendants knew, or by the exercise of reasonable care and diligence ought to have known, of its condition. It appears from the complaint that, on October 16, 1940, while Mark D. Lovell was in attend-

ance at school as a pupil he, during the recess period, "accidentally stumbled and fell" upon the sidewalk in such manner that one of the protruding nails penetrated his knee thereby causing him serious and permanent injury.

■ The demurrer admits the truth of the material allegations of the complaint and presents the following issues of law: (1) Is a school district liable in tort for failure to maintain such sidewalk in a reasonably safe condition? (2) Are the members of the school board liable for their alleged negligence in failure so to maintain the walk?

■ Appellant concedes that, at common law, a school district would not be liable but contends that the State, by statutory enactment, has imposed liability upon a school district for wrong or injury suffered as a result of its negligence. This is not a new question. Appellant relies upon the following statutory provisions as abrogating the common law rule:

Section 8-702, O. C. L. A.:

"* * * and an action or suit may be maintained against any of the *other public corporations* in this state mentioned in Section 8-701 in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some *act* or *commission* of such other public corporation; * * *" (Italics ours).

The "other public corporations" mentioned in Section 8-701, O. C. L. A., are "incorporated town, school district, or other public corporation of like character * * *." These statutory provisions have been before this court for construction in *Spencer v. School District,* 121 Or. 511, 254 P. 357; *Lupke v. School District,* 130 Or. 409, 275 P. 686; *Antin v. Union High School District,* 130 Or. 461, 280 P. 664, 66 A. L. R.

1271; *Ward v. School District,* 157 Or. 500, 73 P. (2d) 379; and *Blue v. City of Union,* 159 Or. 5, 75 P. (2d) 977, and the court has consistently held that the above sections of the statute do not impose any liability for tort against a school district while exercising a governmental function as an agency of the state. *Lupke v. School District,* supra, however, construed the above sections to impose a liability while the school district was acting in a proprietary capacity and there is strong implication to the same effect in other decisions of this court, notably in *Rankin v. School District,* 143 Or. 449, 23 P. (2d) 132, of which the writer was the author. The history of these statutory enactments and the various amendments thereto have been heretofore reviewed (see *Blue v. City of Union,* supra) and there is no need of repetition, notwithstanding the able brief of counsel for appellant maintaining that the court has erroneously construed the same. We adhere to the construction that no liability is imposed upon a school district while acting in a governmental capacity but will, in the interests of certainty of the law, review the question as to whether a school district, in the performance of statutory duties, express or implied, ever acts in a proprietary capacity. Appellant contends that the statute should be so construed as to impose liability whether the school district is acting in a governmental or in a proprietary capacity. Furthermore, it is urged —relying largely upon *Lupke v. School District,* supra—that the district in the repairing of a sidewalk is exercising a proprietary function.

It is noteworthy that, in every tort action brought against a school district in this state, it has been held, with the exception of the Lupke case, that the district was immune from liability since it was merely exercising a governmental function as an agency of the state.

*Spencer v. School District,* 121 Or. 511, 254 P. 357, decided in 1927, was a case wherein action was brought against the school district by a minor pupil, through his guardian ad litem, to recover damages for personal injuries. These injuries were sustained as a result of a radiator's overturning and falling against him. Plaintiff alleged that the radiator was negligently placed by defendant in a gymnasium hall used in connection with the school. The court, in holding that there was no liability, said:

> "At common law school districts were not liable for personal injuries either to employees or to members of the general public, resulting from the negligent construction or operation of their buildings or grounds."

and quoted with approval as follows from 4 Dillon on Municipal Corporations (5th Ed.) § 1658:

> "In the case of school districts, boards of education and other quasi corporations created for the limited purpose of directing and controlling school matters, exemption from liability, in some jurisdictions at least, is placed upon the two-fold ground (first) that these bodies are only quasi corporations and (second) that they perform only a public and governmental duty and do not act in a private or corporate capacity in directing and maintaining school buildings."

It was further said by the court:

> "A school district under our statute is merely an arm of the state, for the administration of its school system. In the construction and maintenance of its school buildings and accoutrements, *if not in all matters,* it functions as an agency of the state, and not in a private or proprietary capacity. * * * * * *." (Italics ours.)

*Lupke v. School District,* supra, decided in 1929, was an action to recover damages for personal injuries sustained by the plaintiff who was employed to paint a flagpole on the premises of the defendant school district. The court, in holding that the district was liable, said:

> "The plaintiff was employed by the officers of the school district in the discharge of a legal duty, that of painting and maintaining a flagpole: Or. L. § 5073. It was a case of common employment for the performance of a special service for the school district. The officers and employees of the district in the performance of such act were not in the exercise of a governmental or public function, but the work of painting the flagpole was an act ministerial in its nature and if there was negligence as alleged in the complaint, the district is liable therefor."

The court, in making a distinction between governmental and proprietary functions, said, in effect, that the district, in ordering the erection or repair of a flagpole, was exercising a governmental function but when actually engaged in the prosecution of the work, "its duty became ministerial."

After further consideration, we are unable to see any sound basis for such distinction. Under § 111-1018, O. C. L. A., it was the duty of the board of directors to procure a United States flag and cause it to be displayed during school hours. It would seem that, in the performance of such statutory duty, the district, acting through its board of directors, was exercising a governmental function, namely to promote the cause of public school education.

■ *Antin v. Union High School District,* supra, was an action in tort against the school district and its board of directors to recover for injuries sustained by a pupil

in attendance at school, as the result of an explosion of a water tank. The decision in this case was rendered the same year and after *Lupke v. School District,* supra. Without referring to the Lupke case, the court held that the district and its board of directors were acting in a governmental capacity and were, therefore, immune from liability. Mr. Justice RAND, speaking for the court, said:

> "* * * the maintenance and operation of the water-tank which exploded and caused the death of decedent was not the performance of a ministerial duty for which the school district would be liable. Irrespective of what may be the rule in its application to a city or town when acting in its private or proprietary capacity, or when acting ministerially in the performance of some official duty, the rule ought not to be applied to a school district. *It acts wholly as a governmental agency when performing the duties imposed upon it by statute.* In the performance of its public duties, the school district is bound to provide a building, and to provide heat, light and water for the pupils, all of which is essential to the maintenance of the school. It obtains no special corporate benefit or peculiar profit from the water so furnished, or from the means by which the water is furnished."

The court further said:

> "The purchase and installation of the tank was a governmental act. * * * * * school districts, which are only quasi corporations, * * * perform nothing but governmental acts, * * * *."

We think the same reasoning would apply to the construction and maintenance of a sidewalk on school premises.

We believe that *Antin v. Union High School District,* supra, is controlling of every question involved on this appeal and is adverse to the contention of appellant, but

it can not be reconciled with *Lupke v. School District,* supra, which must be deemed to be overruled.

■ Under Art. VIII, § 3, of the Constitution of Oregon, it is the function of government to establish and maintain public schools. The legislature, being charged with such duty, necessarily was obliged to employ agencies to effectuate such purpose. Hence, school districts, as agencies of the State, have been created by statute for the sole purpose of maintaining a public school system and, to this end, have been delegated certain powers. A school district has been referred to as a corporation having the most limited powers known to the law. It is a quasi municipal corporation separate and distinct from pure municipal corporations such as cities and towns: *Antin v. Union High School District,* supra; *Blue v. City of Union,* supra; 47 Am. Jur. 305, § 12; 56 C. J. 196. Being purely a creature of the legislature and having a certain definite and specific purpose, it acts only for the benefit of the public, without profit or advantage. As said in Shearman and Redfield on Negligence (Revised Edition) § 288:

> "Their delegated duties are regarded as due to the public, not to individuals; their officers are not agents of the corporation, but of 'the greater public', the State."

It never engages in commercial enterprises. A school district can act pursuant only to statutory authority, express or implied, through its board of directors. In so doing, we think it is exercising a governmental function. In 56 C. J. 193, referring to school districts, it is said:

> "All its functions are of a public nature, and its only powers are those expressly granted by, or necessarily implied from, the statutes, by which it is governed and restrained in the exercise of such powers and the performance of its duties. * * *"

508

■ By virtue of § 111-1020, O. C. L. A., school boards "have entire control of the public schools of their district," and we think clearly have the power to construct and maintain sidewalks reasonably necessary for the convenience and welfare of teachers and pupils. While so acting in the performance of such statutory duties, the directors are unquestionably exercising a governmental function and, like the district itself, are immune from liability: *Antin v. Union High School District,* supra; *Krutili v. Board,* 99 W. Va. 466, 129 S. E. 486; 47 Am. Jur. 339, § 60.

■■ It may be that the common law rule of immunity is harsh and unjust in requiring the individual alone to suffer the wrong in the instant case, and that society, in keeping with the modern trend, should afford relief, but that is a legislative and not a judicial question. If the legislature desires to impose liability upon a school district for tort while acting in any capacity whatsoever, it clearly has the power to do so. Statutes in derogation of the common law must be strictly construed and the intention to impose such liability must, therefore, be clearly expressed.

The judgment of the circuit court, in dismissing the action, is affirmed.