James A. TAPSCOTT, Plaintiff v. Vernon C. PAGE and Anchorage Independent School District, a corporation, defendants.

No. A–14013.

District Court, Alaska. Third Division, Anchorage.

March 14, 1958.

John C. Dunn of Butcher & Dunn, Anchorage, Alaska, for plaintiff.

Raymond E. Plummer, Anchorage, Alaska, of counsel, for Plummer and Delaney.

E. L. Arnell, Anchorage, Alaska, for defendant Anchorage Independent School District.

HODGE, District Judge.

Plaintiff brings this action for damages for alleged personal injuries suffered by him through the negligence of the defendant Page, an employee of the defendant Anchorage Independent School District, in the operation of a school bus owned by the District in transporting children to or from school, in collision with plaintiff's automobile. The School District has filed separate motions to dismiss the complaint upon the grounds that this court lacks jurisdiction over the subject matter and over the defendant, being a public corporation performing a government function of the Territory, and that the complaint fails to state a claim upon which relief may be granted against said School District.

The rule is firmly established in our law and recognized in this court that where a municipal corporation is performing a duty imposed upon it as the agency of the state in the exercise of governmental functions, it is not liable on account of injuries resulting from the wrongful acts or negligence of its officers or employees in the performance of their duties, in the absence of statute imposing such liability. McQuillin, Municipal Corporations, Vol. 18, Sec. 53.24; Carr v. City of Anchorage, 14 Alaska 409, 114 F.Supp. 439; City of Fairbanks v. Gilbertson, 16 Alaska 590.

This principle of immunity from tort liability has been almost universally extended to school districts, as quasi-municipal corporations, in the operation or maintenance of public schools. 78 C.J.S. Schools and School Districts § 320, pp. 1321–1324; 4 Dillon Municipal Corporations, (5th Ed.), Sec. 1658; Annotation, 160 A.L.R. 37; Antin v. Union High School District No. 2, 130 Or. 461, 280 P. 664; Lovell v. School District No. 13, Or., 143 P.2d 236;

Rhoades v. School District No. 9, Mont., 142 P.2d 890, 160 A.L.R. 1.

The principle has further been expressly applied to the non-liability of school districts for injury resulting from negligence in the operation of motor vehicles or school busses for the transportation of pupils. 78 C.J.S. Schools and School Districts § 322, pp. 1334–1336; Rittmiller v. School District No. 84, D.C., 104 F.Supp. 187; Thurman v. Consolidated School District No. 128, D.C., 94 F.Supp. 616; Rankin v. School District No. 9, 143 Or. 449, 23 P. 2d 132.

The rule as to exception from such immunity by statutes imposing liability is best expressed in McQuillin, Municipal Corporations, supra, Sec. 53.27, as follows:

"If a statute *imposes liability* on a municipal corporation for its negligence, it is no defense that the negligent act was done in the exercise of a governmental duty. However, an enactment imposing municipal liability with respect to the performance of public functions is in derogation of the common law and will be strictly construed. An intention to impose liability upon a city will not be imputed in the absence of language clearly designed to have that effect" (Emphasis added).

There are such statutes in some states, but none in Alaska.

■ Plaintiff principally relies upon the Alaska statute relating to actions by and against public corporations, which he contends imposes such liability, or expressly permits such actions, being Secs. 56–2–1 and 56–2–2, A.C.L.A.1949. Sec. 56–2–1 provides that an action may be maintained by an incorporated town, school district or other public corporation in its corporate name, and upon a cause of action accruing to it in its corporate character, in certain cases. Sec. 56–2–2 provides as follows:

"An action may be maintained against any of the public corporations in the Territory mentioned in the last preceding section in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such public corporation".

This statute may not be construed as imposing liability, but only as creating a remedy where liability otherwise exists. The Supreme Court of Oregon has so construed an identical statute, holding that the statute does not apply where there is no liability under the rule expressed above, for acts done by a school district in a governmental capacity. Antin v. Union High School District No. 2, supra; Lovell v. School District No. 13, supra; Blue v. City of Union, 159 Or. 5, 75 P.2d 977; Spencer v. School District No. 1, 121 Or. 511, 254 P. 357. In these cases a clear distinction is made that the statute gives a remedy only when the district is liable in its corporate capacity, as distinguished from governmental capacity. Plaintiff seeks to distinguish these cases for the reason that the word "omission" in the statute was later changed to "commission". No such distinction appears in the decisions both prior and subsequent to such amendment. (See especially Blue v. City of Union, supra, 75 P.2d at pages 981–982). A similar Minnesota statute has been likewise construed. Annotation, 160 A.L.R. 96.

The Supreme Court of Washington has adopted a contrary rule, holding that an almost identical statute is construed as abrogating the common law rule of tort non-liability so as to render school districts liable for acts of its officers or employees, although not so applied to other municipal corporations, following an early decision (1907) in Redfield v. School District No. 3, 48 Wash. 85, 92 P. 770. See Annotation, 160 A.L.R. 98 and cases cited p. 99, note

4. However, the Alaska statute was taken from the Oregon Code (Sec. 334, Carter Code) and hence the decisions of the Supreme Court of Oregon interpreting such statute are controlling on this court. Jansen v. Pollastrine, 10 .Alaska 316; Starns v. Humphries, 13 Alaska 258, 189 F.2d 357; Hawkins v. Savage, 14 Alaska 253, 110 F.Supp. 615; Druxman v. Renhard, 15 Alaska 105, 122 F.Supp. 822.

An early decision of the District Court for the First Division in the case of Krause v. Town of Juneau, 1905, 2 Alaska 633, also appears to be contrary to this view; but this case proceeds upon the proposition that cities are charged with a duty to maintain sidewalks and hence are liable for omission to perform that duty; and did not involve an action against a school district, which is distinguished in the opinion. Moreover, the case is in conflict with the rule of tort non-liability since firmly established, and insofar as it is in conflict here must be overruled.

■ Plaintiff urges that we should follow the "modern trend" of tightening liability and liberalizing remedies, citing decisions under the Federal Tort Claims Act, 28 U.S. C.A. §§ 1346, 2671–2680 and referring to the New York rule, where by statute the State has waived its immunity from tort liability. As to the former, the Supreme Court has clearly recognized the distinction between the waiver of government immunity by such Act and the liability of a municipal corporation or other public body. Rayonier, Inc., v. United States, 352 U.S. 315, 318–320, 77 S.Ct. 374, 1 L.Ed.2d 354. As to the latter, the following quotation from the annotation in 160 A.L.R. 38 may be enlightening:

> "Thus, it is the general rule in practically every jurisdiction in this country, outside of the State of New York, that, in the absence of statutory liability, school districts, school boards, or similar

school agencies or authorities, are not liable in tort for injuries or damage caused by negligence in the performance of governmental functions".

It is further contended that as the authority conferred upon the Territorial Board of Education to provide transportation for school pupils by Sec. 37–2–8(7), A.C.L.A. 1949, is not mandatory, the rule of immunity should not apply. The converse may be true in certain instances, as to ministerial duties or functions of municipal corporations. 160 A.L.R. 69; City of Fairbanks v. Gilbertson, supra. However, this distinction generally has not been applied with respect to tort liability of municipal schools. Annotation, 160 A.L.R. 69; Antin v. Union High School District, supra. The absence of such "duty" has been held to not take the act of transportation out of a governmental function. Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S.W.2d 915. The true test to be applied in this instance is whether or not the transportation of pupils is a government function, which it is. Rittmiller v. School District No. 4, supra; Rankin v. School District No. 9, supra, 23 P.2d at page 133.

■ Finally, plaintiff contends that the immunity of a school district may be waived by the district taking out liability insurance covering its school busses. In the first place no such allegation is pleaded in the complaint. However, even if so pleaded, it has likewise been settled that the carrying of liability insurance does not impose any liability or constitute any waiver of immunity in such instance. Annotation 145 A.L.R. 1336; Rittmiller v. School District No. 84, supra; Wallace v. Laurel County Board of Education, supra. An exception to this rule appears under a statute providing for such liability insurance, and then only to the extent of the insurance carriers' liability, and not against any school funds. Taylor v. Knox County Board of

Education, 292 Ky. 767, 167 S.W.2d 700, 145 A.L.R. 1333. Alaska has no such statute.

It appearing that there is no liability of the defendant School District for the injuries complained of, and that the complaint fails to state a cause of action against the District, the motion to dismiss the complaint against said defendant is granted. Unless leave to amend is requested within 10 days from the date of filing of this opinion an order may be entered herein dismissing the cause of action against Anchorage Independent School District, with costs to the defendant.